# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-CR-0029-CVE |
| | ) |
| PABLO GINO HERNANDEZ, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter comes on for consideration of the United States' Motion to Reconsider Suppression of Evidence (Dkt. # 24). Plaintiff asks the Court to reconsider its opinion and order (Dkt. # 23) granting defendant's motion to suppress evidence. Plaintiff does not challenge the Court's finding that police violated defendant's Fourth Amendment rights by removing and opening a container on his person during a pat-down. Instead, plaintiff argues that the Court should not have suppressed evidence found in defendant's vehicle after the pat-down, because police independently had probable cause to search the vehicle. Plaintiff claims that police would inevitably have discovered the drugs on defendant's person during a lawful search incident to arrest following the discovery of illegal drugs in the vehicle. The Court has reviewed the motion and finds that it is not necessary for defendant to file a response.

On January 17, 2020, Tulsa Police Department Officers Justin Beal and Brad Blackwell conducted a traffic stop of a red truck after observing a traffic violation.[1] Dkt. # 23, at 2. The

---

[1] The Court is summarizing only those facts relevant to plaintiff's motion to reconsider, and the Court's factual findings concerning defendant's motion to suppress are contained in the prior Opinion and Order (Dkt. # 23).

officers had previously received information from Drug Enforcement Agency Task Force Officer Randy Mackenzie to be on the lookout for a red truck near their location that was potentially being used to traffic heroin. Id. Beal and Blackwell approached the vehicle, and Beal detected an odor of vinegar that he associated with the presence of heroin. Id. Beal ran a records check on the driver of the red truck, Pablo Gino Hernandez, and did not find any criminal history or outstanding warrants. Id. Beal asked the driver to step out of the vehicle for a pat-down, and Beal stated that he wanted to "make sure there was nothing illegal" on defendant's person. Id. Beal conducted a pat-down of Hernandez and discovered a pouch in his back left pocket. Id. at 3. The pocket was small and closed by a zipper, and the Court determined that the pouch could not reasonably have contained a firearm or other weapon. Id. Beal unzipped the pouch and found balloons containing quantities of heroin. Id. The Court found that Beal had reasonable suspicion to conduct a pat-down for officer safety, but he exceeded the scope of a pat-down by opening the pouch found on defendant's person. Id. at 8-9. The Court determined that the drugs seized from defendant's person should be suppressed, and also found that a subsequent search of defendant's vehicle was tainted by the illegality of the prior search of defendant's person. Id. at 9.

Plaintiff asks the Court to reconsider its decision to suppress the evidence seized from defendant's person and his vehicle. Plaintiff argues that police would have had probable cause to search defendant's vehicle before the pat-down occurred, and this would be an independent source for discovery of the illegal drugs in the vehicle. Under the independent source doctrine, "evidence that has been discovered by means wholly independent of any constitutional violation" is admissible against a defendant, even if a prior violation of the Fourth, Fifth, or Sixth Amendments occurred. United States v. Forbes, 528 F.3d 1273, 1278 (10th Cir. 2008). The key issue is whether source of

2

the probable cause is "in fact a genuinely independent source of the information and tangible evidence at issue." Id. The government bears the burden to show by a preponderance of the evidence that there is a truly independent source for admission of the disputed evidence, meaning that the government can show that the evidence was "obtained by 'means sufficiently distinguishable to be purged of the primary taint.'" Id. (quoting Wong Sun v. United States, 371 U.S. 471, 488 (10th Cir. 1963)).

The Court will initially consider plaintiff's argument that police had probable cause to search defendant's vehicle based on information known to them before Beal conducted the pat-down. The Supreme Court has stated that probable cause is a "fluid concept-turning on the assessment of probabilities in particular factual contexts-not readily, or even usefully, reduced to a neat set of legal rules." Illinois v. Gates, 462 U.S. 213 (1983). In general terms, probable cause is present if based on the totality of the circumstances there is a fair probability that contraband or evidence of a crime will be found in a particular location. United States v. Knox, 883 F.3d 1262, 1275 (10th Cir. 2018). Plaintiff argues that Beal and Blackwell had received a tip from Mackenzie that a red truck near their location was being used to traffic heroin, and Beal detected an odor of vinegar as he approached defendant's vehicle. Dkt. # 24, at 3. Beal associated this odor with the presence of heroin. Id. Plaintiff also argues that the traffic stop occurred in an area with a high crime rate. Id.

The Court finds that officers would have had reasonable suspicion to extend the traffic stop for a dog sniff, but the information cited by plaintiff falls short of establishing probable cause. The fact that the stop occurred in a high crime area could potentially go to officer safety, but it does not provide any objective basis to believe that defendant was engaged in criminal activity. Beal had received information that a red truck would be used to traffic heroin and he detected an odor of

3

vinegar coming from the vehicle that he had stopped. However, he had also run a records check on defendant and found no evidence of criminal history. This information does not clearly rise to the level of probable cause to search the vehicle. In any event, the independent source doctrine applies only when evidence was actually discovered by means wholly independent of the constitutional violation, and it does not permit a court to re-imagine the actual encounter to avoid a clear finding that a constitutional violation occurred. United States v. Shrum, 908 F.3d 1219, 1235 (10th Cir. 2018). The inevitable discovery doctrine might have applied if Blackwell was searching the vehicle while Beal was separately conducting a pat-down. In this case, the events occurred in one continuous sequence and there are no intervening circumstances between the illegal pat-down of defendant's person and the search of defendant's vehicle that would tend to purge the vehicle search of the prior illegal conduct. It is not necessary for the Court to reach the issue of inevitable discovery of drugs on defendant's person, because plaintiff has not met its burden to show by a preponderance of the evidence that the drugs in the vehicle were actually discovered from an independent source.

**IT IS THEREFORE ORDERED** that the United States' Motion to Reconsider Suppression of Evidence (Dkt. # 24) is **denied**.

**IT IS FURTHER ORDERED** that the parties shall advise the Court no later than **noon on March 20, 2020** whether the case will be dismissed, or the case will be continued to the next available jury docket pursuant to General Order 20-05.

**DATED** this 18th day of March, 2020.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE